**LOCAL 106 SERVICE EMPLOYEES INTERNATIONAL UNION AFL–CIO, Plaintiffs,**

v.

**EVERGREEN CEMETERY, Defendant.**

No. 88 C 2308.

United States District Court,
N.D. Illinois, E.D.

March 15, 1989.

MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff Local 106 Service Employees International Union AFL–CIO brings this action against defendant Evergreen Cemetery under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1982), seeking an order directing defendant to submit certain grievances to arbitration. This matter is before this court on the parties' cross motions for summary judgment. Although the parties agree on the relevant facts, they disagree as to their proper interpretation; specifically, the interpretation of the collective bargaining agreement. For the following reasons, we conclude that the grievances should be arbitrated and therefore grant summary judgment for plaintiff.

FACTS

The facts of the dispute are relatively uncomplicated. Defendant operates a cemetery located in Evergreen Park, Illinois, and plaintiff, a union, represents defendant's employees. Plaintiff and defendant are parties to a collective bargaining agreement which provides for mandatory arbitration of certain grievances. Plaintiff has demanded arbitration of two unrelated grievances: (1) whether an employee designated as a superintendent and not covered by the collective bargaining agreement can be assigned to do production work ("grievance # 1"), and (2) whether the employer having designated a person as a working foreman is obligated to fill that position ("grievance # 2"). Defendant's contention is that the arbitration provision of the collective bargaining agreement does not cover these disputes.

DISCUSSION

In *AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), the Supreme Court reiterated the four principles of the *Steelworkers Trilogy*[1] which govern the arbitrability of grievances under collective bargaining. The first and most fundamen-

---

1. The *Steelworkers Trilogy* is the common name of the cases in which the Supreme Court established the modern law of labor arbitration. The trilogy consists of *United Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

tal principle is that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id.* 475 U.S. at 648, 106 S.Ct. at 1418 (quoting *Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960)). The second principle is that it is for the court to determine whether there is a duty to arbitrate a dispute. The third principle is that courts should not determine the merits of the underlying grievance, even if it appears that they are frivolous. The fourth and final principle is that in contracts with an arbitration clause there is a presumption of arbitrability "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Id.* 475 U.S. at 650, 106 S.Ct. at 1419.

■ The sole issue before this court is whether the parties agreed to arbitrate the asserted grievances. Article XIII defines "grievance" as "a claim or dispute concerning rates of pay, hours, or working conditions, or the interpretation or an application of the terms of this agreement" (cplt., exh. A, at 16). Under such a broad arbitration clause, and in the absence of a specific provision excluding a particular grievance from arbitration, "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *AT & T,* 475 U.S. at 650, 106 S.Ct. at 1419.

*Grievance # 1*

Grievance # 1 concerns the type of work to which a supervisor not covered by the collective bargaining agreement can be assigned. Defendant maintains that the agreement does not prohibit the assignment of production work to supervisors or to individuals who have been promoted out of the coverage of the agreement. Moreover, defendant argues that Article X of the agreement implicitly allows him to assign supervisors to do production work. In pertinent part this provision reads:

Any employee now covered by this contract who hereafter shall receive a promotion to a position which is excluded from this contract shall nevertheless be required to maintain his good standing in the Union if, in his promoted position, he performs work done by unit employees in the cemetery or is classed as a working foreman.

(Cplt. exh. A, at 12).

Article X appears to preserve the union's jurisdiction over production workers, even when those workers are promoted to supervisory positions, and there may be considerable merit to the contention that it implicitly authorized production work by supervisory employees. But that is not a decision to be made by this court. It seems, therefore, to impose an obligation on the employer, as a party to the agreement, respecting labor assignments to persons no longer covered by the agreement. Whether plaintiff's grievance has merit is not an issue before us, but is instead one for the arbitrator. That defendant is in effect arguing that a proper interpretation of this provision supports its position, is convincing proof that the issue is indeed one contemplated in the agreement. Therefore, the subject matter of grievance # 1 is arbitrable.

*Grievance # 2*

Plaintiff asserts in grievance # 2 that defendant has an obligation to employ someone as a working foreman. The provision of the collective bargaining agreement at issue states:

Further, it is the intent of all parties to this Agreement that they shall, as conditions permit, promptly work toward the establishment of a Working Foreman in all member cemeteries.

(Cplt. exh. A, at 3.) Plaintiff contends that this provision creates an obligation upon defendant to make reasonable efforts to employ someone as a working foreman when the position is vacant. In contrast, defendant argues that the plain meaning of this provision does not create such an obligation upon defendant. Once again, by proffering to the court what it believes is the proper interpretation, defendant is ask-

ing this court to render judgment based on an interpretation of the agreement. Defendant's contention implicitly admits that the issue plaintiff raises can be resolved by interpreting the cited provision. We must allow the arbitrator to determine this claim.

Defendant also contends that grievance #2 is not arbitrable because plaintiff did not comply with the procedural steps outlined in the collective bargaining agreement to preserve a dispute for arbitration. Specifically, it argues that with respect to grievance #2 plaintiff did not make a valid demand for arbitration and that this court should deem that grievance "dropped." The procedural step defendant refers to states:

> In the case of a grievance alleging improper discharge or violation of the contract with respect to job assignments or lay offs, the Union may, within ten (10) working days after discharge, demand arbitration.... If arbitration is not demanded within ten (10) working days after such claims are made, the grievance shall be deemed dropped.

(Cplt. exh. A, at 17.)

■ While questions of whether the subject matter of the dispute is covered by the collective bargaining agreement are for the court, procedural questions are to be decided by the arbitrator. *John Wiley & Sons v. Livingston*, 376 U.S. 543, 557–58, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964). It is often difficult to break labor disputes into "procedural" and "substantive" classifications. *Id.* Thus, *Wiley* instructs courts to be reluctant to rule on even strictly procedural issues when the merits of an arbitrable dispute lie within the arbitrator's province. As the Court stated:

> Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration....
>
> Once it is determined ... that the parties are obligated to submit the subject matter of a dispute to arbitration, "procedural" questions which grow out of dispute and bear on its final disposition should be left to the arbitrator.

*Wiley*, 376 U.S. at 557, 84 S.Ct. at 918. *See also Chicago Typographical Union v. Chicago Sun–Times*, 860 F.2d 1420, 1424 (7th Cir.1988) (finding that procedural issues such as timeliness of filing a grievance are for the arbitrator).

At least one court, however, has ventured to dispose of a dispute by finding a union's grievance in procedural default. In *United Steelworkers of America v. Cherokee Electric Coop.*, 829 F.2d 1131 (11th Cir.1987), the Eleventh Circuit summarily affirmed the district court's holding that it should not compel arbitration of grievances indisputably filed outside the time limits provided by a collective bargaining agreement.

However, most circuits, including this one, have heeded *Wiley's* advice and avoided classifying claims as strictly procedural in nature. *See Niro v. Fearn Int'l Inc.*, 827 F.2d 173, 175–76 (7th Cir.1987) ("once it is determined that the underlying dispute concerns a subject matter covered by arbitration provisions, the court's *only* role is to order arbitration") (emphasis added); *see also United Steelworkers of America v. Cherokee Electric Coop.*, —— U.S. ——, 108 S.Ct. 1601, 99 L.Ed.2d 915 (1988) (White, J., dissenting from denial of writ of *certiorari*). *Wiley* makes it clear that courts are to avoid making determinations on substantive issues and we decline to classify defendant's claim as strictly procedural. Therefore, defendant's timeliness objection should be decided by the arbitrator.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel arbitration of both grievances is granted.